IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In The Matter, | ) | CIVIL 12-00548 LEK-RLP |
| | ) | |
| Of | ) | |
| | ) | |
| The Complaint of ALOHA | ) | |
| JETSKI, LLC, a Hawaii Limited | ) | |
| Liability Company, as Owner | ) | |
| of a 2010 Yamaha VX110 | ) | |
| Personal Watercraft and a | ) | |
| 2011 Yamaha VX110 Personal | ) | |
| Watercraft, for Exoneration | ) | |
| from or Limitation of | ) | |
| Liability, | ) | |
| | ) | |
| Plaintiff. | ) | |
| _____ | ) | |

**AMENDED ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S EX PARTE MOTION FOR ORDER: 1) APPROVING
AD INTERIM STIPULATION FOR VALUE, 2) DIRECTING THE ISSUANCE
AND PUBLICATION OF REQUIRED NOTICE, AND 3) ISSUING INJUNCTION**

Before the Court is Limitation Plaintiff Aloha Jetski LLC's ("Limitation Plaintiff") Ex Parte Motion for Order: 1) Approving Ad Interim Stipulation for Value, 2) Directing the Issuance and Publication of Required Notice, and 3) Issuing Injunction ("Motion"), filed on October 11, 2012.  Claimants Evangaline Canton, individually and on behalf of and as Representative of the Estate of Kristen Fonseca, Mario Alberto Canton, Monique Sanchez, and Kevin Fonseca, Jr. ("Claimants") filed their objection on October 12, 2012, and Limitation Plaintiff filed its reply on October 15, 2012.  This matter came on for hearing on October 25, 2012.  Appearing on behalf of Limitation Plaintiff was Margery Bronster, Esq., and appearing on

behalf of Claimants were Patrick McTernan, Esq., and Richard Fried, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Limitation Plaintiff's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.[1]

## BACKGROUND

Claimants filed a complaint in the Circuit Court of the First Circuit, State of Hawai`i on August 13, 2012, and their First Amended Complaint ("state court complaint") on August 28, 2012.[2]  The claims arise out of a jet ski accident that occurred on August 5, 2012, in which Tyson Dagley, while operating a jet ski, collided into a jet ski operated by Claimants' decedent, Kristin Fonsenca, who suffered fatal injuries.  Limitation Plaintiff rented the jet skis to Mr. Dagley and Ms. Fonseca.  The state court complaint names as defendants Limitation Plaintiff, and Glenn Cohen, who is Limitation Plaintiff's sole member and manager, as well as an employee.  [Mem. in Supp. of Motion at 2-4.]  The state court complaint alleges that Limitation Plaintiff and Mr. Cohen were negligent, and that Limitation Plaintiff is

---

[1] The Court previously granted Limitation Plaintiff's request for an order 1) approving Ad Interim Stipulation for Value, and 2) directing the issuance and publication of required notice.  [Dkt. no. 18.]

[2] The state court complaint is attached as Exhibit B to Claimants' Objection, Declaration of Patrick F. McTernan ("McTernan Decl.").

2

vicariously liable for the personal negligence of Mr. Cohen.

Limitation Plaintiff filed its Complaint for Exoneration from or Limitation of Liability ("Complaint") in this Court on October 10, 2012, pursuant to the Limitation of Liability Act, 46 U.S.C. § 30505 et seq. ("Limitation Act" or "the Act"), seeking to invoke the benefits of exoneration from and limitation of liability, and in the same proceeding, to contest its liability and the liability of the jet ski vessels, for any loss or damage arising from the August 5, 2012 incident. [Complaint at ¶ 18.]

**I.    The Motion**

Limitation Plaintiff asks the Court to enter an order approving:

> 1) the amount, form and content of Plaintiff's Ad Interim Stipulation for Value ("Stipulation") filed October 10, 2012; 2) the issuance and publication of Plaintiff's Notice of Complaint for Exoneration from or Limitation of Liability in the form and content as required by Supplemental Admiralty Rule F(4); and 3) an injunction pursuant to 46 U.S.C. § 30511 and Supplemental Admiralty Rule F(3).

[Mem. in Supp. of Motion at 2.]

Limitation Plaintiff is the owner of the two jet skis involved in the collision: a 2010 Yamaha VX110 Deluxe Personal Watercraft and a 2011 Yamaha VX110 Deluxe Personal Watercraft ("Vessels").  As of August 5, 2012, the combined fair market value of the Vessels was $11,000.00.  Limitation Plaintiff

tendered to the Court $11,500.00, which represents the value of the Vessels, costs and accrued interest. [Id. at 2-4.] Further, Limitation Plaintiff sought publication of Plaintiff's Notice of Complaint for Exoneration from or Limitation of Liability ("Notice") as required by Supplemental Admiralty Rule F(4), and provides a proposed form of publication.

Finally, Limitation Plaintiff seeks to enjoin the state court action, Evangaline Canton, et al. v. Aloha Jet Ski, LLC, et al., Civil No. 12-1-2161-08 (VLC), and all other potential cases arising from the incident until this Limitation of Liability action is resolved by this Court. It argues that, under Supplemental Admiralty Rule F(4), the state court action and all pending discovery must be enjoined. [Id. at 3.]

According to Limitation Plaintiff, at the time of the incident, none of its members, managers, employees, or agents was aboard either of the Vessels. Limitation Plaintiff seeks an injunction restraining the state court action and the commencement of any "claims, actions, or legal proceedings of any kind, nature or description against [Limitation] Plaintiff, its affiliates, agents, employees, managers, members, officers, directors, shareholders, vessels, property, underwriters, and insurers with regard to any and all claims and causes of action" arising from the August 5, 2012 incident. [Id. at 13.]

**II. Claimants' Objection**

4

Claimants do not object to the entry of the Stipulation or publication of the Notice; they object to the requested injunction as overly broad, and ask that "any injunction against other proceedings be limited to proceedings against Limitation Plaintiff and its property." [Mem. in Opp. at 2.] They assert that, although Mr. Cohen is an owner of Limitation Plaintiff, he is not an owner of the Vessels, and he is sued in the state court action "only for his own negligence." [Id. at 3.] According to Claimants, the Limitation Act and the Supplemental Admiralty Rules do not authorize an injunction against a vessel owner's employee's own negligence. [Id. at 6-7.]

### III. Limitation Plaintiff's Reply

In its reply, Limitation Plaintiff argues that Mr. Cohen is an "owner" because he is the sole member and manager of Limitation Plaintiff, and has possession and control over the Vessels, and is responsible for their maintenance and operation. [Reply at 2-3.]

It further argues that Claimants rely on cases that are inapplicable here, where Mr. Cohen was not operating the Vessels involved in the accident, with privity or knowledge of the negligence. [Id. at 4-5.] In any event, argues Limitation Plaintiff, whether an owner is negligent must be determined after an appropriate motion is heard, and not at this time. [Id. at 7.] It states that this Court cannot skip the first prong of the

analysis – what acts of negligence caused the accident – and go straight to the second prong of privity and knowledge.  It distinguishes the cases relied upon by Claimants, <u>Fecht v. Makowski</u>, 406 F.2d 721 (5th Cir. 1969), <u>In re Ingoglia</u>, 723 F. Supp. 512 (C.D. Cal. 1989), and <u>In re Xtreme Parasail, Inc.</u>, Civ. No. 05-00790 SOM/BMK, 2006 WL 4701815 (D. Hawai'i July 7, 2006), "because in those cases, the court already issued the injunction, and the determination as to the owner's involvement was made much later after substantive motions were filed and a hearing was held."  [<u>Id.</u> at 9-10.]

Limitation Plaintiff asks the Court to grant its Motion in its entirety.  [<u>Id.</u> at 12.]

## **DISCUSSION**

### I. **Injunction Under the Limitation Act Generally**

The Limitation Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel."  <u>X-Treme Parasail, Inc.</u>, 2006 WL 4701815, at *2.  The statute alters the normal rules of vicarious liability.  "Instead of being vicariously liable for the full extent of any injuries caused by the negligence of the captain or crew employed to operate the ship, the owner's liability is limited to the value of the ship unless the owner himself had 'privity or knowledge' of the negligent acts."  <u>In re City of New</u>

<u>York</u>, 522 F.3d 279, 283 (2d Cir. 2008).

> When, as here, a shipowner invokes the protection of the act, a district court is empowered to issue a restraining order or injunction staying all proceedings against the shipowner arising out of the incident. <u>Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.</u>, 836 F.2d 750, 754 (2nd Cir. 1988); Fed. R. Civ. P. Supplemental Rule F.  The district court then typically determines, in a proceeding known as a *concursus,* issues such as liability, the privity and knowledge of the shipowner, and if necessary, the distribution of the limitation fund. <u>Id.</u>  One purpose of the *concursus* proceeding is to ease the handling of multiple claims arising from the incident. <u>Complaint of Paradise Holdings, Inc.</u>, 795 F.2d 756, 761 (9th Cir. 1986).  This avoids "inconsistent results and repetitive litigation." <u>Id.</u>

<u>In re Complaint of San Francisco Bar Pilots</u>, No. C05-02975 MJJ, 2006 WL 16879, at *1 (N.D. Cal. Jan. 3, 2006).

> The Limitation Act states, in pertinent part:
>
> (a) In General.  The owner of a vessel may bring a civil action in a district court of United States for limitation of liability under this chapter.
>
> (b) Creation of Fund.  When the action is brought, the owner (at the owner's option) shall--(1) deposit with the Court, for the benefit of claimants–
>
>> (A) an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security; and
>> (B) an amount or approved security, that the court may fix from time to time as necessary to carry out this chapter;
>
> (c) Cessation of Other Actions.  When an action has been brought under this section and the owner has complied with subsection (b), all the claims and proceedings against the owner related to the matter in question shall cease.

46 U.S.C. § 30511.

Supplemental Admiralty Rule F states, in pertinent part:

> (3) Claims Against Owner; Injunction.  Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease.  On application, of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff's property with respect to any claim subject to limitation in the action.

District courts have some discretion under the case law interpreting the Act:

> Under Lewis [v. Lewis & Clark Marine, Inc., 531 U.S. 438 (2001)], "state courts . . . may adjudicate claims . . . so long as the vessel owner's right to seek limitation of liability is protected." Lewis, 531 U.S. at 455.  In other words, a district court has discretion to permit injury actions to proceed in state court as long as the court determines that the shipowners' right to seek limitation of liability is adequately safeguarded.

San Francisco Bar Pilots, 2006 WL 16879, at *2 (alterations in original).

## II. **Application of the Limitation Act**

The parties dispute the scope of the term "owner" as it is used in the Act and Supplemental Admiralty Rule F, as well as the proper scope of the injunction.

Limitation Plaintiff, a limited liability company, is the title-holder of the Vessels, and Mr. Cohen is its sole member.  Limitation Plaintiff argues that Mr. Cohen is an "owner"

8

of the Vessels, and that the Court must enjoin the state court proceeding as to him, as well as Limitation Plaintiff, its agents, employees, and insurers. Claimants assert that the injunction must be limited to Limitation Plaintiff – the limited liability company – and should not extend to Mr. Cohen, any other agents, employees, or insurers.

**A. "Owner"**

The Court first examines whether Mr. Cohen is an "owner" under the Act. Courts have held that the term "owner" is taken in a broad and popular sense, and that title ownership is not dispositive of the issue of who is an "owner" for purposes of the statute. In Admiral Towing Co. v. Woolen, 290 F.2d 641, 645 (9th Cir. 1961), an "owner" was described as one whose

> relationship to the vessel is such as might reasonably afford grounds upon which a claim of liability for damages might be asserted against him, a claim predicated on his status as the person perhaps ultimately responsible for the vessel's maintenance and operation and a claim against which the Limitation Act is designed to furnish protection.

See also Flink v. Paladini, 279 U.S. 59, 63 (1929) (stating that the term "owner" as used in the Act is an "untechnical word" that should be interpreted in a liberal way); Complaint of Nobles, 842 F. Supp. 1430, 1437 (N.D. Fla. 1993) ("Title ownership is not dispositive of the issue of who is an 'owner' for purposes of the Act. The word 'owner' in the Limitation Act is accorded a liberal, common sense interpretation in order to effectuate the

9

intent of the act. Factors such as who pays for storage of the vessel and who skippers the vessel, as well who has possession and control of the vessel, must be taken into account in determining who is an owner for purposes of the Act." (citations omitted)); Complaint of Lady Jane, Inc., 818 F. Supp. 1470, 1474 (M.D. Fla. 1992) (finding that sole stockholder was "owner" under the Act). Cf. Sailing Shipps, Ltd. v. Alconcel, Civil No. 11-00171 SOM/BMK, 2012 WL 2884861, at *4 (D. Hawai'i July 12, 2012) ("When a shareholder's negligence is in issue, the corporation had knowledge of the negligence or was in privity with the shareholder only if the shareholder was a managing officer or a supervisory employee.").

Mr. Cohen is the sole member of Limitation Plaintiff. Based on the undisputed evidence currently before the Court, Mr. Cohen was the person ultimately responsible for the Vessels' maintenance and operation, and the only person with the authority to act on behalf of Limitation Plaintiff. For these reasons, the Court finds that Mr. Cohen is an "owner" entitled to invoke the protection of the Act. Claimants argue that Mr. Cohen is sued in the state court proceeding only on the basis of his own individual negligence; nevertheless, he remains an "owner" under the Act. Although Claimants' argument is both logical and reasonable, the Act does not limit the stay of actions to those in which the owner is not sued for his own personal negligence.

Rather, the stay appears to be mandatory in all cases.  See In re Pac. Far East Line, Inc., 43 F.R.D. 283, 285 (N.D. Cal. 1967) ("the Rule F(3) order is mandatory ('[o]n application of the plaintiff the court *shall* enjoin. . .')" (emphasis and alterations in original)).  The Court CONCLUDES that both Limitation Plaintiff and Mr. Cohen are entitled to a stay of the state court proceeding against them.[3]

**B.   Non-Owners**

Next, the Court addresses whether Limitation Plaintiff is entitled to a stay of claims against the additional groups named in its proposed injunction.  None of these additional entities are "owners" under the Act.  Limitation Plaintiff argues that the Court has discretion to include these parties in the

---

[3] Although it may be possible for the Court to determine the limitation issue without first deciding the liability issue, the matter is not properly briefed at this time, and the Court cannot make such a determination on the current record.  See, e.g., Fecht v. Makowski, 406 F.2d 721, 723 (5th Cir. 1969) ("[W]here no limitation is possible the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause."); Complaint of Ingoglia, 723 F. Supp. 512, 514 (C.D. Cal. 1989) (determining on summary judgment that, where no limitation is possible, the claimants are entitled to have the injunction against other actions dissolved, and to proceed in state court); Keliihananui v. KBOS, Inc., Civ. No. 09-00151 JMS/LEK, 2010 WL 2176105, at *12 (D. Hawai'i May 24, 2010) ("Courts have found that where privity and knowledge are apparent, the proper course of action is to allow the injured party to bring its own action so that a jury may determine negligence." (citing Suzuki of Orange Park, Inc. v. Shubert, 86 F.3d 1060, 1063 (11th Cir. 1996); Fecht, 406 F.2d at 722-23)).

injunction based on Ninth Circuit precedent.  The Ninth Circuit in <u>In re Complaint of Paradise Holdings, Inc.</u>, 795 F.2d 756 (9th Cir. 1986), upheld the district court's stay of the state court proceedings against a non-owner captain.  In that case, the state court claimants moved to dissolve the injunction entered by the district court, on the ground that they named the ship's captain as a defendant.  On appeal, the issue was "whether 46 U.S.C. § 187 deprives a district court of power to stay state proceedings against a ship's master, officers, or crew pending disposition of a limitation proceeding brought by the owners."  <u>Id.</u> at 761.  The majority opinion first explained that:

> Once an owner, who is subject to a claim against his ship, files a limitation complaint and posts appropriate security, he is generally entitled to an injunction enjoining "the further prosecution of any action or proceeding against the [owner] or his property with respect to any claim subject to limitation in the action."  Rule F(3).  This provision applies to both state and federal proceedings.  Indeed, an admiralty court is generally acknowledged to possess broad injunctive power to ensure the "orderly and effective operation of the Limitation Act."  <u>Olympic Towing Corp. v. Nebel Towing Co.</u>, 419 F.2d 230, 235 (5th Cir. 1969), <u>cert. denied</u>, 397 U.S. 989, 90 S. Ct. 1120, 25 (1970), <u>overruled on other grounds</u>, <u>Crown Zellerbach Corp. v. Ingram Industries, Inc.</u>, 783 F.2d 1296 (5th Cir. 1986) (en banc); <u>accord</u> <u>Guillot v. Cenac Towing Co.</u>, 366 F.2d 898, 904-07 (5th Cir. 1966).

<u>Id.</u>  The majority observed that "Paradise does not contest claimants' right ultimately to pursue the captain in state court, and the injunction does not 'take away' this remedy.  The

injunction does, however, delay the state court remedy and possibly subjects it to the preclusion of some issues by reason of the intervening admiralty litigation." Id.

It next noted that "[a] major purpose of the Act is to permit the shipowner to retain the benefit of his insurance." Id. at 762. The majority decided that "[t]his major purpose of the Act could be frustrated if claimants' action against the captain here were not stayed." Id. It reasoned as follows:

> If claimants successfully pursued their state court remedy prior to the limitation proceeding, the danger of depletion of the insurance coverage would clearly exist. The result would be to deprive the shipowner of insurance protection in the limitation proceeding. When that danger exists, the district court is not precluded by section 187 from staying the state court action against the captain. To read section 187 otherwise would frustrate a major congressional purpose underlying the Limitation of Liability Act.

Id. (citation omitted). The majority concluded that,

> it is sometimes inconsistent with the purposes of the Act to permit some limitation-action claimants to proceed in state court against a ship's captain and crew in advance of an equitable division of the limitation fund among all potential claimants. We hold that in such cases, a district court has discretion to stay the state action or otherwise to shape the limitation proceedings in a manner that promotes the purposes of the Act.

Id. at 763.

The dissent, on the other hand, would have vacated the stay of the state court action, because the "stay is not within the scope of the Act because it stays an action against the

13

vessel's captain." Id. at 764 (Ferguson, J., dissenting).

This district court discussed the rationale underlying Paradise Holdings in Matter of Skyrider as follows:

> In Paradise Holdings, the Ninth Circuit affirmed the district court's stay of state court proceedings against a ship's captain holding that § 187 did not preclude the district court's actions. 795 F.2d at 763. The court expressed its concern that allowing a state court action to proceed against the Captain could serve to prejudice the owner's rights. The court noted "[a] major purpose of the Act is to permit the shipowner to retain the benefit of his insurance[,]" id. at 762, and that "'[t]he reason for requiring the limitation proceeding to be completed first is to permit the vessel owner to receive the benefit of his insurance.'" Ibid., quoting, Olympic Towing, 419 F.2d at 235, n.17. In Paradise Holdings, the Captain was a named insured under the owner's insurance policy, and the court was concerned that a judgment in the state proceeding against the captain could serve to deplete the insurance fund. 795 F.2d at 762. In this case, the insurance coverage question has not been fully developed yet.

Matter of Skyrider, Misc. No. 89-0128 ACK, 1990 WL 192479, at *8 (D. Hawai'i Aug. 6, 1990) (alterations in original).[4]

---

[4] Other courts have criticized the decision in Paradise Holdings. For example, the Fifth Circuit in Zapata Haynie Corp. v. Arthur, 926 F.2d 484, 485 (5th Cir. 1991), adhered to the plain language of the statute and rule, limiting an injunction to claims against an "owner," as follows:

> The Act provides for stays of litigation against ship owners, not masters; therefore, we find that a stay of litigation against the master is not within the scope of the Act. Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F also states that it permits enjoining proceedings against the owner, and makes no reference to
> (continued...)

14

Here, Limitation Plaintiff seeks an injunction restraining the state court action and the commencement of any claims against "its affiliates, agents, employees, managers, members, officers, directors, shareholders, vessels, property, underwriters, and insurers with regard to any and all claims and causes of action[.]"  [Mem. in Supp. of Motion, Exh. A (Proposed Order), at 5.]  The Court, in its discretion, finds that the purposes of the Act are not served by granting the broad injunction as sought by Limitation Plaintiff.  That is, the Court will not extend the stay to encompass "its affiliates, agents, employees, managers, members, officers, directors, shareholders, vessels, property, underwriters, and insurers with regard to any and all claims and causes of action," as requested.  Rather, the injunction shall be limited to Limitaiton Plaintiff and

---

[4](...continued)
   enjoining proceedings against any other parties.
   Furthermore, section 187 plainly states that the
   provisions of the Act pertaining to stays of
   proceedings against the owner (§§ 182, 183, 184,
   185 and 186) are not to be construed to affect the
   remedy to which any party may be entitled against
   the master.  The various provisions of the Act are
   not ambiguous, nor are they in conflict with one
   another: the Act requires stays of proceedings
   against ship owners; it does not permit stays of
   proceedings against masters.  While these
   provisions may not be conducive to carrying out
   the purposes of the Act, this Court cannot
   interpret § 187 to allow results that we believe
   Congress would wish; we must interpret the
   language that Congress actually wrote.

Mr. Cohen, the "owners" of the Vessels.

Paradise Holdings allows district courts "discretion to stay the state action or otherwise to shape the limitation proceedings in a manner that promotes the purposes of the Act[.]" 795 F.2d at 763. Exercising such discretion, this Court FINDS, in light of these particular facts, that limiting the injunction to the Vessels' "owners," per the plain language of the relevant statutes and rules, best promotes the purposes of the Act, and is the most prudent course of action under the unique circumstances presented.

## III. **Injunction Order**

The Court HEREBY ORDERS, pursuant to the Limitation Act, and Supplemental Admiralty Rule F(3), that the commencement or further prosecution of any and all claims, suits, actions, or legal proceedings of any kind, nature or description whatsoever against Limitation Plaintiff and Glenn Cohen, with regard to any and all claims and causes of action which arise from or relate directly or indirectly, to the August 5, 2012 incident described in Limitation Plaintiff's Complaint, filed October 9, 2012, including the action Evangaline Canton, et al. v. Aloha Jetski, LLC et al., Civil No. 12-1-2161-08 (VLC), filed in the Circuit Court of the First Circuit, State of Hawai'i, are hereby ENJOINED and RESTRAINED, pending the hearing and determination of this proceeding.

**CONCLUSION**

On the basis of the foregoing, Limitation Plaintiff Aloha Jetski LLC's Motion, filed on October 11, 2012, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Court GRANTS the request for an injunction as to Limitation Plaintiff and Mr. Cohen, and denies the request for an injunction as to all other individuals or entities.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 29, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**IN RE ALOHA JET SKI; CIVIL NO. 12-00548; AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PART MOTION FOR ORDER: 1) APPROVING AN INTERIM STIPULATION FOR VALUE, 2) DIRECTING TIME ISSUANCE AND PUBLICATION OF REQUIRED NOTICE, AND 3) ISSUING INJUNCTION**