**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| In The Matter,                                )<br>                                                       )<br>        Of                                          )<br>                                                       )<br>The Complaint of ALOHA               )<br>JETSKI, LLC, a Hawaii Limited   )<br>Liability Company, as Owner      )<br>of a 2010 Yamaha VX110             )<br>Personal Watercraft and a         )<br>2011 Yamaha VX110 Personal     )<br>Watercraft, for Exoneration      )<br>from or Limitation of                )<br>Liability,                                      )<br>                                                       )<br>        Plaintiff.                          )<br>_____ ) | CIVIL 12-00548 LEK-RLP |

**ORDER GRANTING CLAIMANTS' MOTION FOR RECONSIDERATION
AND/OR MODIFICATION OF ORDER ENJOINING OTHER ACTIONS
<u>AGAINST LIMITATION PLAINTIFF AND ITS OWNER, GLENN COHEN</u>**

Before the Court is Claimants Evangaline Canton, individually and as Representative of the Estate of Kristen Fonseca, Mario Alberto Canton, Monique Sanchez, and Kevin Fonseca, Jr.'s ("Claimants") Motion for Reconsideration and/or Modification of Order Enjoining Other Actions Against Limitation Plaintiff and Its Owner, Glenn Cohen ("Motion"), filed on December 11, 2012.  Limitation Plaintiff Aloha Jetski LLC ("Limitation Plaintiff") filed its memorandum in opposition to the Motion on December 28, 2012, and Claimants filed their reply on December 28, 2012.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the

Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Claimants' Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this Court's November 27, 2012 Order Granting in Part and Denying in Part Plaintiff's Ex Parte Motion for Order: 1) Approving Ad Interim Stipulation for Value, 2) Directing the Issuance and Publication of Required Notice, and 3) Issuing Injunction ("11/27/12 Order").  2012 WL 5955004.

Claimants seek reconsideration or modification of the 11/27/12 Order, in which this Court granted the request for an injunction as to Limitation Plaintiff and Mr. Cohen, and denied the request for an injunction as to all other individuals or entities.  As part of its ruling, the Court stated:

> Here, the parties agree that jet skis are "vessels" under the Limitation Act.  See In re Mission Bay Jet Sports, LLC, 570 F.3d 1124, 1127 (9th Cir. 2009).  They dispute the scope of the term "owner" as it is used in the Act and Supplemental Admiralty Rule F, as well as the proper scope of the injunction.

2012 WL 5955004 at *4.

In the instant Motion, Claimants seek reconsideration or modification of the 11/27/12 Order to the extent the Court

stated that jet skis are "vessels" under the Limitation Act. Claimants contend that they only intended to "raise one issue by objecting to Limitation Plaintiff's request for an injunction. . . . It was not Claimants' intent to litigate or concede any other issues. If, in Claimants' objection or at the hearing Claimants inadvertently referred to the jet skis in issue as 'vessels,' it was just that – purely inadvertent." [Mem. in Supp. of Motion at 1.] Claimants request that the Court delete the sentence stating: "Here, the parties agree that jet skis are "vessels" under the Limitation Act. See In re Mission Bay Jet Sports, LLC, 570 F.3d 1124, 1127 (9th Cir. 2009)[,]" pursuant to Rule 60(a) or Rule 60(b)(1). [Id. at 2.]

Limitation Plaintiff opposes the Motion, arguing that the Court properly determined as a jurisdictional matter that jet skis are "vessels" under the Limitation Act, and that Claimants conceded that the jet skis are "vessels". In the alternative, it argues that the sentence should be amended to: "Jet skis are 'vessels' under the Limitation Act." [Mem. in Opp. at 2.]

In reply, Claimants assert that their objection to Limitation Plaintiffs' request for an injunction did not put the status of jet skis as "vessels" in issue, the issue was never briefed, and that they never intended to concede that jet skis are "vessels." [Reply at 2.] Claimants explain that "any references (if any) by Claimants to the jet skis as vessels . . .

were purely inadvertent.  Claimants did not intend to place the status of jet skis as vessels in issue[.]" [Id. an 8.]  They contend that whether jet skis are "vessels" is an "unsettled area of the law." [Id. an 2.]

## DISCUSSION

In order to obtain reconsideration of the 11/27/12 Order, Claimants' Motion "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).  The District of Hawai`i has implemented these standards in Local Rule 60.1.[1]

---

[1] Local Rule 60.1 provides, in part, that: "[m]otions for reconsideration of interlocutory orders may be brought only upon
(continued...)

"Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court."  <u>Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing <u>Kona Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 883 (9th Cir. 2000)).

To the extent Claimants object to the Court's characterization regarding the parties' agreement that jet skis are "vessels," the Court finds that there is some support for this characterization in the record.[2]  The Court, however, is now persuaded that any such acquiescence was inadvertent and that Claimants did not intend to concede the issue.

---

[1](...continued)
the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."

[2] There are several references to the jet skis as "vessels" in Claimants' briefing on the scope of the injunction.  For example, they state that: "Although the circumstances of the instant case are somewhat unusual, in that the jet ski 'vessels' are so small that Cohen was not aboard them as a master or crew." [Obj. to Ex Parte Motion (dkt. no. 11) at 6.]  They also refer to Limitation Plaintiff as a "vessel owner" and Mr. Cohen as an "employee of a vessel owner."  [<u>Id.</u> at 3, 8.]
    Counsel for Claimants also appeared to refer to the jet skis as "vessels" at the October 25, 2012 hearing.  [10/28/12 Hrg. Tr. (dkt. no. 24).]  For example, counsel stated that: "The third thing we need to keep in mind is that Mr. Cohen has deliberately structured his business so that he is not the owner of the vessels.  He doesn't own the jetskis."  [<u>Id.</u> at 6.]  He also stated that: "Now, in this case, as in <u>Xtreme Parasailing</u>, the value of the vessel is very small, and so if limitation plaintiff prevails, they won't need their insurance."  [<u>Id.</u> at 27.]

Here, the issue of whether jet skis are "vessels" under the Limitation Act has not been briefed, and there is some basis to find that courts may be divided on the matter.  The majority of courts, however, do appear to conclude that jet skis are covered by the Limitation Act.  See, e.g., Moeller v. Mulvey, 959 F. Supp. 1102, 1109-10 (D. Minn. 1996) ("[O]ur review discloses that the Courts, which have most recently addressed the issue, have uniformly held that the Limitation on Liability Act's protections are available to the owners of pleasure craft.  See, Matter of Guglielmo, 897 F.2d 58, 60 (2nd Cir. 1990); Keys Jet Ski, Inc. v. Kays, 893 F.2d 1225, 1229 (11th Cir. 1990); Matter of Hechinger, 890 F.2d 202, 206 (9th Cir. 1989), cert. denied, 498 U.S. 848, 111 S. Ct. 136, 112 L. Ed. 2d 103 (1990); In re Young, 872 F.2d 176, 177 (6th Cir. 1989), cert. denied, 497 U.S. 1024, 110 S. Ct. 3270, 111 L. Ed. 2d 780 (1990); Petition of Keller v. Jennette, 940 F. Supp. 35, 38–39 (D. Mass. 1996); Complaint of Nobles, 842 F. Supp. 1430, 1435 (N.D. Fla. 1993); Greenley v. Meersman, 838 F. Supp. 381, 384 (C. D. Ill. 1993); Hammersley v. Branigar Organization, Inc., 762 F. Supp. 950, 954 (S.D. Ga. 1991); Complaint of Dillahey, 733 F. Supp. 874, 884 (D.N.J. 1990)."); cf. Kahue v. Pac. Envt'l Corp., 834 F. Supp. 2d 1039, 1059 (D. Hawai'i 2011) (Stating that "the act applies 'only to seagoing vessels, but does not apply to pleasure yachts, tugs, towboats, towing vessels, tank vessels, fishing vessels, fish

tender vessels, canal boats, scows, car floats, barges, lighters, or nondescript vessels.'  46 U.S.C. § 30506(a).  Although the parties have not thoroughly briefed this issue, it appears that the Boston Whalers, skiffs, jet skis, and tugboats that Plaintiff worked on are excluded under this definition."  (citing Matter of Talbott Big Foot, Inc., 854 F.2d 758, 761–62 (5th Cir. 1988))).  See also In re Mission Bay Jet Sports, LLC, 570 F.3d 1124, 1129 (9th Cir. 2009) (finding that admiralty jurisdiction existed where the parties agreed that jet skis were "vessels," and where plaintiff was injured when flung from a speeding jet ski in open water, requiring transportation back to land and on-shore treatment by paramedics).

In order that the issue may be fully briefed, and to prevent manifest injustice, the Court will exercise its discretion and GRANT Claimants' requested modification.  The following sentence shall be stricken from the 11/27/12 Order: "Here, the parties agree that jet skis are "vessels" under the Limitation Act.  See In re Mission Bay Jet Sports, LLC, 570 F.3d 1124, 1127 (9th Cir. 2009)."  The Court shall issue an amended order enjoining other actions against Limitation Plaintiff and Mr. Cohen.

## CONCLUSION

On the basis of the foregoing, Claimants' Motion for Reconsideration and/or Modification of Order Enjoining Other

Actions Against Limitation Plaintiff and Its Owner, Glenn Cohen, filed on December 11, 2012, is HEREBY GRANTED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, January 29, 2013.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**IN RE ALOHA JETSKI; CIVIL 12-00548 LEK-RLP; ORDER GRANTING CLAIMANTS' MOTION FOR RECONSIDERATION OF ORDER ENJOINING OTHER ACTIONS AGAINST LIMITATION PLAINTIFF AND ITS OWNER, GLENN COHEN**